Frank C. Hopkins et al
vs. } No.65783
Frank W. Lovell

August 7, 1926

RESCRIPT

BAKER, J. Heard jury trial waived.

This action is brought by two plaintiffs, Frank C. Hopkins and

Paul Castiglione, the declaration being on book account and on the common counts. The defendant filed a plea of the general issue.

At the hearing it appeared from the evidence that the two plaintiffs were accommodation endorsers or makers of a note to the Morris Plan Company for the defendant, Frank W. Lovell, who was the real maker of the note and who received the consideration for the note from the Morris Plan Company. The testimony showed that when the note became due the defendant failed to pay it and the two plaintiffs each paid to the Morris Plan Company the sum of $322.50 on the note.

At the time of the hearing the defendant produced no testimony and did not dispute the facts as above outlined. He does, however, contend that he is entitled to a decision because the plaintiffs are improperly joined.

After considering the matter, the court believes that this contention as to improper joinder is correct. The court is unable to see how plaintiffs can properly be joined in one action. It would appear that each plaintiff has an independent claim against the defendant. The declaration in the case is merely on book account and on the common counts. There is nothing which appears to the court to entitle the claims to be considered as joint claims in any way. It should be noted that the action is not on the note.

The court therefore finds that the plaintiffs are improperly joined in this proceeding.

See Daniels on Negotiable Instruments, Vol. 2, 6th ed., Sec. 1343.

Cramer vs. Redman, 10 Wyoming 328.

The plaintiffs, however, contend that, in case they are improperly joined in the present proceeding, one of them may be dropped. They call the court's attention to Sec. 23 of Chapter 333 of the General Laws, 1923, which reads in part as follows:

"No action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in and parties misjoined may be dropped, by order of the court at any stage of the cause, as justice may require, in the discretion of the court, and upon such terms as the court may order."

The language of this section is very broad and apparently gives the court considerable discretion and power. In the judgment of the court it applies to the present proceeding. It seems unreasonable and unnecessary that this whole case should fail, particularly in view of the fact that no testimony was introduced on the merits in defence to the proceeding, merely because of the misjoinder of the parties plaintiff. Their attorney intimated at the hearing that if the court should take this view of the statute in question, and one party should be dropped, he desired the plaintiff, Paul Castiglione to be dropped from this proceeding.

The court rules, therefore, that the plaintiff, Paul Castiglione, may be dropped from this proceeding and that the plaintiff, Frank C. Hopkins, may have decision against the defendant for the sum of $338.68, being the amount of his claim with interest.

The following cases seem to bear upon the proper construction to, be given the above statute relating to misjoinder of parties:

Waterman vs. Andrews, 14 R. I. 589.

Gorton et al. vs. Potter, 16 R. I., 493.

Maher vs. Hanley Brewing Company, 23 R. I., 343.

For Plaintiffs: Stephen D. Paddock.

For Defendant: Walter J. Hennessey.